UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH SANDERS, Plaintiff | CIVIL ACTION NO. 1:18-CV-89-P |
| VERSUS | JUDGE DEE D. DRELL |
| RAYMOND LABORDE CORRECTIONAL CENTER, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Kenneth Sanders ("Sanders") (#228589). Sanders is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Sanders claims that his constitutional rights were violated when his medical duty status was disregarded.

### I. Background

Sanders has filed a deficient complaint, a complaint on the Court-approved form, an amended complaint, and 3 additional letters to the Court containing various complaints. (Docs. 1, 10, 14, 15, 16, 17). Sanders's chief complaint is his assignment to a top bunk in violation of his duty status. However, Sanders also briefly mentions other grievances with RLCC.

### II. Instructions to Amend

The only Defendant listed on the complaint form is RLCC. (Doc. 10, p. 2). Sanders lists no additional defendants in the allotted spaces on the complaint form. (Doc. 10, p. 3). A correctional center such as RLCC is a building, not a "person" subject

to suit under § 1983.  See Davis v. St. Charles Parish Correctional Center, No. 10–98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Dorsey v. Nelson Coleman Correctional, No. 09–7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); Joseph v. Nelson Coleman Correctional Center, No. 09–7670, 2010 WL 55447, at *2 (E.D. La. Jan. 7, 2010); Castillo v. Blanco, No. 07–215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007).  Thus, Sanders's suit against RLCC is subject to dismissal.

Sanders should advise the Court whether he wishes to proceed with his suit against only RLCC, or if he wishes to amend his complaint to name other Defendants. To the extent that he wishes to amend, Sanders should list:

(1) the name(s) of EACH person who allegedly violated Sanders's constitutional rights;

(2) a description of what EACH named defendant did to violate Sanders's rights;

(3) the place and date(s) that EACH event occurred; and

(4) a description of the injury sustained as a result of EACH alleged violation.

If Sanders does not wish to amend, and wants to proceed with his suit against only RLCC as indicated in his Complaint (Doc. 10), he should advise the Court accordingly.

## III. Conclusion

IT IS ORDERED that Sanders file, within 30 days of the filing of this Order, either: (1) an amended, superseding complaint, not to exceed six pages, providing the

information outlined above, or (2) a single page supplemental complaint advising the Court if Sanders does not want to amend his complaint.

The failure to comply with this Order will result in dismissal being recommended under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 8th day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge